IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**CITY OF McCOMB**                                                                                    **PLAINTIFF**

                                 **CIVIL ACTION NO. 3:11-CV-626 WHB-LRA**

**SIEMENS INDUSTRY, INC., f/k/a
SIEMENS BUILDING TECHNOLOGIES, INC.,
and SIEMENS PUBLIC, INC.**                                                        **DEFENDANTS**

## ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM OF DEFENDANT SIEMENS INDUSTRY, INC.

Subject to and without waiving its right to arbitration, Siemens Industry, Inc. (hereinafter "SII" or "Plaintiff") hereby files its answer and affirmative defenses to the Complaint of the Plaintiff City of McComb (hereinafter "City of McComb" or "Plaintiff") as follows:

### PRELIMINARY STATEMENT

The claims set forth in the Complaint are subject to arbitration pursuant to the Federal Arbitration Act and an agreement between SII and Plaintiff. By filing its Answer, Affirmative Defenses, and Counterclaim, SII neither intends to litigate the substantive claims asserted in the Complaint nor waives its right to arbitration. Furthermore, contemporaneously herewith, SII is filing a Motion to Dismiss or Stay the Action and Compel Arbitration and a supporting Memorandum of Law.

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

Without waiving the preceding defenses and motions, SSI answers as follows:

## ANSWER

1. SII has insufficient information to form a belief as to the truth of the allegations of paragraph 1 of Plaintiff's Complaint, and accordingly denies them.

2. In response to the allegations of paragraph 2 of Plaintiff's Complaint, SII states that Siemens Building Technologies, Inc.'s place of incorporation was Delaware and its principal place of business was located in Buffalo Grove, Illinois. On or about October 1, 2009, Siemens Building Technologies, Inc. changed its name to Siemens Industry, Inc. SII's place of incorporation is Delaware and its principal place of business is located in Buffalo Grove, Illinois. SII is qualified to transact business in the State of Mississippi with the office of the Mississippi Secretary of State. SII has appointed its registered agent for service of process in Mississippi as CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, MS 39232. To the extent that any allegations contained in paragraph 2 of the Complaint are not expressly admitted herein by SII or inconsistent with SII's Answer to paragraph 2 of Plaintiff's Complaint, SII denies those allegations.

3. In response to the allegations of paragraph 3 of Plaintiff's Complaint, SII states that, upon information and belief, Siemens Public, Inc.'s place of incorporation is Delaware and its principal place of business is located in New Jersey.

4. In response to the allegations of paragraph 4 of Plaintiff's Complaint, Siemens states that it entered into a performance contracting agreement with the City of McComb on or about June 9, 2009 for the installation of an automated water meter system for the City of McComb in exchange for payment in the amount of $4,558,913.00 (the "Contract). A true and accurate copy of the Contract is attached hereto as Exhibit A. Answering further, SII states that the Contract speaks for itself and is the best evidence of its content. To the extent that any

allegations contained in paragraph 4 of Plaintiff's Complaint are inconsistent with that Contract, SII denies those allegations.

5. In response to the allegations of paragraph 5 of Plaintiff's Complaint, Siemens states that it entered into an amendment to the Contract on or about November 24, 2009 (the "Amendment"). A true and accurate copy of the Amendment is attached hereto as Exhibit B. Answering further, SII states that the Amendment speaks for itself and is the best evidence of its content. To the extent that any allegations contained in paragraph 5 of Plaintiff's Complaint are inconsistent with that Amendment, SII denies those allegations.

6. In response to the allegations of paragraph 6 of Plaintiff's Complaint, SII states that the Contract speaks for itself and is the best evidence of its content. To the extent that any allegations contained in paragraph 6 of Plaintiff's Complaint are inconsistent with that Contract, SII denies those allegations. SII denies the remaining allegations contained in paragraph 6 of Plaintiff's Complaint.

7. In response to the allegations of paragraph 7 of Plaintiff's Complaint, SII states that is unable to understand or discern the meaning of the allegations contained in paragraph 7 of Plaintiff's Complaint, and accordingly, SII denies those allegations.

8. SII denies the allegations in contained in paragraph 8 of Plaintiffs' Complaint, including subparagraphs (a) – (f).

9. SII denies the allegations in contained in paragraph 9 of Plaintiffs' Complaint.

10. SII denies the allegations in contained in paragraph 10 of Plaintiffs' Complaint.

11. SII denies the allegations in contained in paragraph 11 of Plaintiffs' Complaint.

12. SII denies the allegations in contained in paragraph 12 of Plaintiffs' Complaint.

13. SII denies the allegations in contained in paragraph 13 of Plaintiffs' Complaint and states that the Plaintiff should be denied the recovery or declaratory relief that it seeks in its Complaint.

14. SII has insufficient information to form a belief as to the truth of the allegations of paragraph 14 of Plaintiff's Complaint, and accordingly denies them.

15. SII has insufficient information to form a belief as to the truth of the allegations of paragraph 15 of Plaintiff's Complaint, and accordingly denies them.

16. SII has insufficient information to form a belief as to the truth of the allegations of paragraph 16 of Plaintiff's Complaint, and accordingly denies them.

17. SII has insufficient information to form a belief as to the truth of the allegations of paragraph 17 of Plaintiff's Complaint, and accordingly denies them. Answering further, paragraph 17 of Plaintiff's Complaint calls for a legal conclusion that does not require a response. To the extent that a response is required, SII denies the allegations contained in paragraph 17 of Plaintiffs' Complaint.

18. Paragraph 18 of Plaintiffs' Complaint calls for a legal conclusion that does not require a response. To the extent that a response is required, SII denies the allegations contained in paragraph 18 of Plaintiffs' Complaint.

SII denies the remaining allegations of Plaintiff's Complaint and each every allegation in Plaintiffs' Complaint that is not otherwise expressly admitted above.

## **AFFIRMATIVE DEFENSES**

SII hereby asserts the following additional defenses. By doing so, SII does not concede that it has the burden of proof for any such defense.

**FIRST AFFIRMATIVE DEFENSE**

All of Plaintiff's claims or causes of action in this lawsuit are subject to arbitration pursuant to an arbitration provision contained in the Contract. Specifically, Article 12.4 of the Contract states the following: "[u]nless contrary to applicable law and with the exception of disputes arising under Article 4, all disputes not resolved by negotiation between the Parties shall be resolved in accordance with the Commercial Rules of the American Arbitration Association in effect at that time, except as modified herein. All disputes shall be decided by a single arbitrator." Therefore, the Plaintiff should be compelled to resolve its disputes with SII in arbitration, and the Plaintiff's claims should be dismissed or stayed until its disputes with SII are resolved in arbitration.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff failed to comply with the dispute resolution procedures of the Contract.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claim for declaratory judgment should be dismissed because declaratory relief is an equitable remedy and there exists an adequate remedy at law.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claim for declaratory judgment should be dismissed because the order or decree requested by Plaintiff, which Plaintiff is not entitled to, will not terminate the uncertainty or controversy giving rise to this action.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrines of contractual, legal, or equitable setoff.

**SIXTH AFFIRMATIVE DEFENSE**

Some or all of Plaintiff's claims may be barred by its failure to fulfill all conditions precedent to bringing this claim.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of waiver or estoppel.

**EIGHTH AFFIRMATIVE DEFENSE**

Some or all of Plaintiff's claims are barred because, even if SII breached any duties owed to Plaintiff, which SII denies, Plaintiff suffered no injury proximately caused by the alleged breach.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff failed to mitigate its alleged damages.

**TENTH AFFIRMATIVE DEFENSE**

SII incorporates by reference the denials set forth in its Answer above and the allegations of its Counterclaim as set forth below.

**COUNTERCLAIM**

Defendant Siemens Industry, Inc. ("SII") is entitled to arbitration as a matter of statutory and contractual right, and SII is contemporaneously filing herewith a demand for arbitration with the American Arbitration Association. In the alternative, without waiving its right to arbitration, and subject to the Preliminary Statement stated above, SII hereby files this Counterclaim against the Plaintiff City of McComb ("McComb" or "Plaintiff") and alleges as follows:

**THE PARTIES, JURISDICTION, VENUE AND COMMON ALLEGATIONS**

1. SII, formerly known as Siemens Building Technologies, Inc., is incorporated in Delaware, and its principal place of business is located in Buffalo Grove, Illinois. SII is

qualified to transact business in the State of Mississippi with the office of the Mississippi Secretary of State.

2. McComb is a municipal corporation organized and existing under the laws of the State of Mississippi.

3. McComb is subject to the jurisdiction of this Court, venue is proper in this Court, and this Court has subject matter jurisdiction over this Counterclaim.

## GENERAL ALLEGATIONS

4. SII incorporates by reference the preceding allegations of this Counterclaim.

5. On or about June 9, 2009, SII entered into a performance contracting agreement with McComb, pursuant to which SII agreed to furnish services, supplies, and materials for the installation of an automated water meter system for McComb in exchange for payment in the amount of $4,558,913.00 (the "Contract"). A true and accurate copy of the Contract is attached hereto as Exhibit A.

6. The Contract was later amended by both SII and McComb on or about November 24, 2009 (the "Amendment"). A true and accurate copy of the Amendment is attached hereto as Exhibit B.

7. Under Article 6.1(c) of the Contract, McComb was required to "[p]rovide or arrange for 24 hour, 7 day per week access and make all reasonable provisions for [SII] to enter any Site where Work is to be performed so that Work may proceed in an efficient manner." In addition, under Article 5.2 of the Contract, McComb agreed to "make the Site available in order for Work to proceed in an efficient manner."

8. Under the compensation/terms of payment under the Contract, McComb agreed to "pay to [SII] the Contract Sum in such manner as agreed in Exhibit B and in accordance with the payment terms and conditions established by the Contract Documents."

9. SII has performed and completed most of the work required to be performed by Siemens under the balance of the Contract, including providing McComb with new water meters and a functioning drive-by water meter-reading system.

10. Despite SII's earnest cooperation and efforts to achieve final completion of the Contract, McComb wrongfully terminated SII's scope of work under the Contract, on or about September 22, 2011, and has refused to allow SII personnel to enter the Site where Work was to be performed under the Contract.

11. McComb also owes to SII contract retainage in the amount of $381,978.80 for work performed to date.

12. As described herein, McComb has breached its obligations under the Contract and, in addition to the contract retainage amount of $381,978.80, SII has been damaged in am amount to be proven at trial, plus the maximum amount of interest allowed by law.

13. SII performed all of its obligations under the Contract in all respects to the extent permitted by McComb.

14. All conditions precedent in bringing this action have occurred or have been performed, waived, satisfied, or otherwise excused by McComb.

## COUNT I — BREACH OF CONTRACT

15. SII incorporates by reference the preceding allegations of this Counterclaim.

16. Pursuant to the terms of the Contract, McComb was required to provide or make arrangements for SII to have access to the Site where Work was to be performed so that Work could proceed in an efficient manner.

17. In addition, under the terms of the Contract, McComb was required to pay to SII in such manner as agreed in Exhibit B to the Contract and in accordance with the payment terms established by the Contract Documents.

18. McComb has breached the terms of the Contract by, among other things:

(a) Wrongfully terminating SII's Scope of Work under the Contract;

(b) Failing to provide or make arrangements for SII to have access to the Site where Work was to be performed so that Work could proceed in an efficient manner;

(c) Failing to pay SII in such manner as agreed in Exhibit B to the Contract and in accordance with the payment terms established by the Contract Documents;

(d) Failing to pay SII $381,978.80 in contact retainage that SII is owed under the Contract for work performed to date;

(e) Failing to comply with its duty of good faith and fair dealing in carrying out its obligations under the Contract; and

(f) Acting in bad faith in its performance of the Contract.

19. As a result of these and other breaches of contract by McComb, SII has been damaged by McComb. McComb, therefore, owes SII $381,978.80 in contract retainage, plus additional amounts to be proven at trial.

### COUNT II — INTEREST AND ATTORNEYS' AND WITNESSES' FEES

20. SII incorporates by reference the preceding allegations of this Counterclaim.

21. Under Article 8.4 of the Contract, McComb agreed to "reimburse [SII] for [SII's] costs and expenses (including reasonable attorneys' and witnesses' fees) incurred for collection under this [Contract]."

22. Under Article 12.4 of the Contract, "the prevailing Party" is entitled to "recover all costs, including attorney's [sic] fees incurred as a result of the dispute."

23. As result of McComb's failure to pay SII amounts owed under the Contract and other breaches of Contract, McComb is liable to SII for interest in the amount 12% per annum, or the maximum rate allowed by law, attorneys' fees, and witnesses' fees.

WHEREFORE, Defendant SII respectfully prays that:

(a) Judgment be entered in favor of SII on all counts or causes of action alleged in McComb's Complaint;

(b) Judgment be entered in favor of SII and against McComb on Count I of this Counterclaim in the amount of $381,978.80, plus additional amounts to be proven at trial;

(c) Judgment be entered in favor of SII and against McComb on Count II of this Counterclaim for interest in the amount 12% per annum, or the maximum rate allowed by law, attorneys' fees, and witnesses' fees;

(d) The Court tax the costs of this action against McComb; and

(e) The Court grant such other and further relief as it deems just and proper.

DATED this the 13th day of October 2011.

                                                Respectfully submitted,

                                                SIEMENS INDUSTRY, INC.

                                                __*s/Mark D. Jicka*_____
                                                Mark D. Jicka

David L. Ayers (MSB No. 1670)
Mark D. Jicka (MSB No. 8969)
WATKINS & EAGER PLLC
400 East Capitol Street (39201)
P. O. Box 650
Jackson, MS  39205
Phone: 601-965-1900
Fax: 601-965-1901
Email: dayers@watkinseager.com
Email: mjicka@watkinseager.com
*Attorneys for Siemens Industry, Inc.*

**CERTIFICATE OF SERVICE**

      I, Mark D. Jicka, hereby certify that I have this day served the Plaintiffs in this action with the foregoing and filed it with the Clerk of Court using the CM/ECF system, which will automatically send email documentation of such filing to the following attorneys of record:

                                    Wayne Dowdy
                                    Dowdy Cockerham & Watt
                                    Attorneys at Law
                                    Post Office Box 20
                                    Magnolia, Mississippi 39652

This the 13th day of October, 2011.

                                              _____*s/Mark D. Jicka*_____
                                              Mark D. Jicka